IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                  :   CHAPTER 13
                                        :
William Wilkinson and                   :
Marie Wilkinson,                        :
                                        :
         Debtors.                       :   NO.  18-13858 ELF


FREEDOM CREDIT UNION'S ANSWER TO DEBTOR'S MOTION TO REOPEN CASE
FOR THE LIMITED PURPOSE OF AVOIDING JUDGMENT LIEN

COMES NOW, Freedom Credit Union, by and through its counsel, Robert M. Morris, Esq., of Morris & Adelman, P.C., who opposes the debtors' motion to reopen the case on the following grounds:

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted in part. Denied in part. It is denied that the judgment amount was $16,273.24. To the contrary, the judgment amount was $13,018.59 plus costs. The remainder of the allegation is admitted.

6.   Admitted in part. Denied in part. It is admitted that Freedom Credit Union was listed as a creditor in the bankruptcy. It is denied that its counsel of record, Robert M. Morris, Esq., of Morris & Adelman, P.C., was listed in the bankruptcy. It is denied that the "recorded judgment was unknown" at the time of filing. To the contrary, the debtors were each served with the complaint, separate Rule 237.1 notices, separate Rule 236 notices, a letter from

respondent's counsel advising them that the judgment had been entered, and the Sheriff of Philadelphia attempted to serve a writ of execution on them at their house. Not only were the debtors aware of the judgment, but they were fully aware of respondent's counsel's involvement in the state court action. Strict proof is demanded. Respondent lacks information sufficient form a belief as to the truth or falsity of debtors' allegation that its judgment "did not appear on the Public Records Search or Liens and Judgment Search Sections of the Premium Credit Report" allegedly obtained on the debtors' behalf prior to the bankruptcy filing. Strict proof is demanded. To the contrary, it is a fact worthy of judicial notice that the three major credit reporting agencies stopped reporting consumer judgments in early 2017 - over 18 months before this bankruptcy was commenced. Debtors' counsel relied on the credit report to determine whether his clients' real estate was subject to judgment liens at his own substantial peril. Such reliance was unreasonable 18 months after the industry-wide policy change took effect. The judgment was and still is a matter of public record even if it did not appear in the Public Records section of the debtors' credit report.

7. Admitted in part. Denied in part. It is admitted that respondent failed to file a proof of claim. It is denied that its counsel had actual or constructive notice of the bankruptcy. To the contrary, respondent's counsel did not receive actual notice of the bankruptcy until 2021 when debtor's counsel filed a suggestion of bankruptcy in the Common Pleas Court action. There was no mechanism for Freedom Credit Union's credit department to notify counsel of

bankruptcies in 2018, and it did not do so in this case.

8. Admitted.

9. Admitted.

10. Denied as a conclusion of law.

11. Admitted in part. Denied in part. It is admitted that at the time of the instant bankruptcy, the debtors' residence was located and known as 3453 Ainslie Street, Philadelphia. It is denied that it had a fair market value of $225,097 at the time the bankruptcy was filed. Strict proof is demanded. Respondent lacks information sufficient to form a belief as to the truth or falsity of the allegation that there was a first mortgage on the property in the amount of $178,314.64 and therefore denies the same. To the contrary, plaintiff is informed and believes, and thereon alleges that the real estate in issue was worth between $229,000 and $239,000 in 2016 - two years before the bankruptcy. It is currently listed between $299k and $312k. In the intervening period, the property would have increased in value such that by mid-2018 when the bankruptcy was commenced, the property was worth substantially more than $225,000.

12. Denied as a conclusion of law.

13. Denied as a conclusion of law.

WHEREFORE, the Debtors' request to reopen the case to avoid the judicial lien should be denied as there was equity in excess of exemptions to cover respondent's lien at the time the bankruptcy was commenced.

                MORRIS & ADELMAN, P.C.

BY: _____
     ROBERT M. MORRIS, ESQ.
     Attorney for Respondent
     IDENTIFICATION #67896
     P.O. Box 2235
     Bala-Cynwyd PA 19004-6235
     215/568-5621
     rmmorris@morrisadelman.com